The opinion of tlie Court- was delivered by
Todd, J.
This is an action to annul tlie will of David P. Miller, deceased, and tlie order probating it, also the sale of succession property, and recover tlie land, the subject thereof. It is brought by tlie widow and legal heirs of the deceased.
The following tacts relating to the case, we gather from the record :
David F. Miller died in August, 1862, in the Parish of Concordia. He left a last will and testament dated in March of the same year, and what purported to be a codicil thereto, naming an executor, dated in August of the same year.
On the 20th of - September, of that year, the will was probated, and Ulrich, one of the executors named therein, qualified. Nothing was done touching tlie administration of the estate for a number of years, and in 1870, Ulricli, executor, left the State. In 1871, W. F. Miller, the executor appointed by the codicil, qualified, and soon afterwards caused tlie sale of the property in controversy. This sale was made on his application to pay debts, and under an order signed by the Parish Judge, and the property was adjudicated at public auction to one W. A. Miller, purporting to be a creditor of the succession, and under successive sales, finally came into the possession of the defendants.
After the sale (in 1872) the executor filed his final account, which was homologated on that opposition, and lie discharged.
The defendants pleaded the prescription of one, five and ton years against the action, which was sustained by the Judge a quo, and from his judgment thereon this appeal is taken.
*594 The ground of nullity urged against the will is, that it was not read in the presence of the witnesses before being signed by the testator. And the nullity of the order probating it, assigned, is that it was proved up by only two witnesses, whilst a third one was present in the Parish, and that the 2troces verbal of the officer probating the will, stating his absence, was false.
It is further urged that the executor who caused the sale of the property, was without authority, because he was appointed by the codicil mentioned, which was alleged to be null, and that the debt of the succession claimed by the purchaser of the property was extinguished by prescription, and the mortgage securing it had per'empted before the sale. Fraud and collusion is also charged between the executor and the said purchaser.
The last will was filed and probated in 1862.
The sale in question was made in 1871, under an order of Court.
The final account of the executor was filed and homologated, unopposed, in 1872.
This suit was brought July 24, 1880.
Article 3542, C. C., declares: “ The following actions are prescribed by five years: That for the nullity or rescission of contracts, testaments, or other acts.”
Article 3543: “ All informalities connected with, or growing out of, any public sale made by any person authorized to sell at public auction, shall be prescribed against by those claiming under such sale at the lapse of five years from the time of making it.”
We have attentively considered the able and ingenious argument of tiie plaintiff’s learned counsel, and the French authorities cited, to show that the prescription pleaded does not cure the nullities of a will and its probate, such as.are charged in this instance. Whatever may be the French jurisprudence on the subject, it is evident that the Article quoted above does not recognize the distinction as to the different kinds of nullity contended for. This construction of the Article is confirmed by frequent adjudications of this Court. 10 A. 684; 2 A. 715 ; 3 A. 329 ; 16 L. 91; 32 A. 337, 437 ; 33 A. 1043.
The judgment of the lower court is, therefore, affirmed with costs.